UNITED STATES of America, Appellee,

v.

OUTPOST DEVELOPMENT
COMPANY, Appellant.

UNITED STATES of America, Appellee,

v.

Conrad L. GERMAIN, Appellant.

UNITED STATES of America, Appellee,

v.

Robert W. KANE, Appellant.

Nos. 75–3160, 75–3060, 75–3161.

United States Court of Appeals,
Ninth Circuit.

March 24, 1977.

Rehearing and Rehearing En Banc
Denied May 16, 1977.

Stanley Fleishman, argued, Fleishman, Brown, Weston & Rohde, Beverly Hills, Cal., for appellants.

William D. Keller, U. S. Atty., Juan Robertson, Asst. U. S. Atty., argued, Los Angeles, Cal., for appellee.

Before TRASK, GOODWIN and KENNEDY, Circuit Judges.

GOODWIN, Circuit Judge:

Conrad L. Germain, Robert W. Kane, and Outpost Development Company, a corporation, were tried before a jury and convicted of eighteen counts of mail fraud (18 U.S.C. § 1341). They appeal.

In 1972, Germain and Kane established Outpost Development Company to conduct a mail order business under the names of Lydia Feldman Methods and Brenda Hardy Research. The defendants operated the business with the help of one employee. They mailed interstate solicitations entitled "Want to Lose Weight?" The solicitations, written under the fictitious name Lydia Feldman, explained how Lydia had discovered in an occult writing a recipe for a diet tonic that converted "unburned calories into energy."

The diet tonic was a mixture of ordinary fruit juices and was to be taken before meals or after meals, depending upon whether the dieter was following the "with meals" plan or the "mealless" plan. Lydia invited the reader to send her $5.95 for the recipe and promised a refund if the customer was not satisfied.

Testimony established that some persons sent the $5.95 but did not receive the diet tonic recipe, and that others requested, but did not receive, a refund. This was, of course, some evidence of fraud.

Multiple specific acts were alleged in each count of the indictment. The defendants argue that if the evidence is insufficient with respect to any one of the fraudulent acts alleged, the guilty verdict on that count should be reversed. They rely principally on *Stromberg v. California*, 283 U.S. 359, 51 S.Ct. 532, 75 L.Ed. 1117 (1931), *Williams v. North Carolina*, 317 U.S. 287, 63

S.Ct. 207, 87 L.Ed. 279 (1942), and *Yates v. United States*, 354 U.S. 298, 77 S.Ct. 1064, 1 L.Ed.2d 1356 (1957). None of these cases supports their position.

In *Stromberg*, the statute contained three alternative clauses, one of which the Court held unconstitutional. Because it was impossible to determine whether the jury had based its verdict of guilty on the unconstitutional clause alone, the Court reversed the conviction.

In *Williams*, the instructions permitted the jury to find the defendant guilty on either of two grounds, one of which was unconstitutional. The Court followed *Stromberg* and reversed.

In *Yates*, the defendant was tried on two different grounds. In submitting the case to the jury the judge misstated the law on one of the grounds. Because the jury could have based its verdict upon an impermissible finding, reversal was necessary.

In all three cases cited above, the convictions were reversed because they could have been based on an erroneous legal ground. Such convictions are defective. These cases, however, are distinguishable from the instant case, in which appellants claim that the jury could have based its finding of fraud on *facts* for which the evidence was insufficient. It is well established that a count in an indictment is not improper if it simply charges the commission of a single offense by different means. *United States v. Markee*, 425 F.2d 1043 (9th Cir.), *cert. denied*, 400 U.S. 847, 91 S.Ct. 93, 27 L.Ed.2d 84 (1970); *United States v. Tanner*, 471 F.2d 128 (7th Cir.), *cert. denied* 409 U.S. 949, 93 S.Ct. 269, 34 L.Ed.2d 220 (1972). *See also* Fed.R.Crim.P. 7(c)(1). Thus, it has been stated:

> " * * * The general rule is that when a jury returns a guilty verdict on an indictment charging several acts in the conjunctive * * * the verdict stands if the evidence is sufficient with respect to any one of the acts charged * * *." *Turner v. United States*, 396 U.S. 398, 420, 90 S.Ct. 642, 654, 24 L.Ed.2d 610 (1970); *quoted with approval in Unit-*

*ed States v. Hobson*, 519 F.2d 765, 774 (9th Cir. 1975).

In the case before the court, each count alleged that the defendants falsely and fraudulently represented that by using the diet tonic, "the fats in the foods you eat are changed into energy instead of fat." With respect to this allegation the evidence is more than sufficient to sustain the verdict.

Two government experts testified that a dieter following the "with meals" plan would not lose weight, but would, in fact, gain weight. The testimony of these experts also provided a basis for the jury's verdict.

Because the evidence is sufficient with respect to the quoted fraudulent statement, we need not decide whether the evidence is also sufficient with respect to each and all of the other acts alleged in the indictment.

■ The defendants next complain about the instructions. The defendants assert that they may have been convicted for conspiracy rather than for the crime charged. The judge instructed the jury that if it found that the defendants had associated themselves in a common plan with the intent to accomplish some unlawful purpose or to accomplish some lawful purpose by unlawful means, then the acts and statements of one defendant in furtherance of the plan would be admissible against the other defendant even though the acts and statements occurred in the absence and without the knowledge of the other defendant.

The defendants did not object to these instructions at trial as required by Fed.R. Crim.P. 30. Because the defendants failed to object, this court will not reverse unless there was plain error under Fed.R.Crim.P. 52(b). Rule 52(b) states that "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."

We have examined the instructions here as a whole and in light of the entire record, and we find no plain error. First, the instructions do not permit the jury to base guilt upon mere association in a common plan. The instructions only permit the jury to weigh the acts and statements of one defendant in furtherance of a common plan as evidence against the other defendant. Although such use of evidence is not favored where conspiracy is not charged, *Hernandez v. United States*, 300 F.2d 114 (9th Cir. 1962), it has been permitted in cases like this, involving a scheme to defraud. *United States v. Serlin*, 538 F.2d 737 (7th Cir. 1976); *United States v. Cohen*, 516 F.2d 1358 (8th Cir. 1975); *United States v. Grow*, 394 F.2d 182, 203 (4th Cir. 1968); *Robinson v. United States*, 33 F.2d 238, 240 (9th Cir. 1929).

■ Second, the only essential elements of mail fraud under 18 U.S.C. § 1341 are that the defendant devised a scheme to defraud and that for the purpose of executing this scheme he used the mails or caused the mails to be used. 18 U.S.C. § 1341. A person may cause the mails to be used even though he did not know that the mails were to be used or intend that the mails be used, provided that the use of the mails was reasonably foreseeable. *United States v. Weisman*, 83 F.2d 470, 473 (2d Cir. 1936) (A. Hand, J.).

In the "common plan" instructions, the trial judge told the jurors that if they first found a common plan to commit an unlawful act, then they could hold one defendant responsible for the acts of another defendant. These instructions are incorrect in two respects: first, a common plan to commit an unlawful act is not necessarily a scheme to defraud; second, the "common plan" instructions did not make it clear that the acts must be foreseeable.

Neither of these variations constitutes plain error. Besides the "common plan" instructions, the judge also defined "a scheme to defraud" for the jury. He explained that a scheme to defraud "include[s] any plan or course of action intended to deceive others, and to obtain, by false pretenses, representations, or promises, money or property from persons so deceived." Furthermore, the only evidence of a common plan introduced at the trial was evi-

dence of the fraudulent scheme. Because the only evidence of a common plan was evidence of the fraudulent scheme, the instruction, even if not wholly correct as a matter of law, could not have prejudiced the defendants.

Although the judge did not tell the jury in the "common plan" instructions that the acts had to be foreseeable, the judge later went to some length to explain that a defendant need not do the actual mailing or specifically intend that the mails be used so long as the use of the mails was reasonably foreseeable.

Evidence at the trial established that the defendants had jointly rented post office boxes for the purpose of receiving mail addressed to Lydia Feldman Methods and Brenda Hardy Research and that both defendants picked up the mail delivered to these post office boxes.

Again, the only essential elements of mail fraud are that a person devised a scheme to defraud and that, for the purpose of executing this scheme, the person used the mails or caused the mails to be used. The jury knew they must find that the defendants devised a scheme to defraud and that they intended to cause the mails to be used to carry out the scheme, or that the use of the mails in the scheme was foreseeable. As to the essential elements of mail fraud, the instructions were clear. There was no plain error.

Affirmed.