ZIRPOLI, District Judge:
 

 Susan Doris Phillips appeals from convictions, after separate jury trials, of one count of making a false statement in a loan application, in violation of 18 U.S.C. section 1014, and one count of making a false oath in a bankruptcy petition, in violation of 18 U.S.C. section 152. Appellant cláims that in both cases reversal is required because it is possible that each conviction is based upon a false statement as to an immaterial fact. Appellant also claims that the government failed to meet its burden of proving that the credit union was federally insured. We disagree, and affirm both convictions.
 

 Appellant was charged with having completed a loan application at the Bercut Richards Employees Federal Credit Union in which she falsely stated her social security number, her date of birth, and the names of her other creditors. When instructing the jury, the judge read the allegations of the superseding indictment, which included each of these three false statements. The court further instructed the jury that it could convict only if it concluded that the false statement was one “concerning a material matter upon an application for a loan
 

 Appellant concedes that the failure to list and identify all of her outstanding debts constitutes a “material” misstatement in violation of 18 U.S.C. section 1014. Appellant argues, however, that the false birth date and social security number were misstatements of an immaterial nature, and hence do not violate section 1014, and, because of the manner in which the issue was presented to the jury, it is impossible to determine whether the conviction is based upon the material misstatement regarding creditors or one of the immaterial misstatements regarding her birth date or social security number. Appellant therefore argues that a new trial is necessary, using only those allegations that would amount to a crime if
 
 *886
 
 proved beyond a reasonable doubt, relying on
 
 Stromberg v. California,
 
 283 U.S. 359, 51 S.Ct. 532, 75 L.Ed. 1117 (1931).
 
 [1]
 

 Appellant’s contention must be rejected. Even assuming that materiality is an element of an offense under section 1014 —a position this circuit has not yet taken
 
 [2]
 
 — the false statements regarding appellant’s social security number and her date of birth would qualify as material, and thus could properly form the basis of a conviction under section 1014 if the other elements of the offense were present. As we noted in
 
 United States v. Kennedy,
 
 564 F.2d 1329, 1341 (9th Cir. 1977),
 
 cert. denied,
 
 435 U.S. 944, 98 S.Ct. 1526, 55 L.Ed.2d 541 (1978):
 

 [T]he essence of the offense in the making of the false statement with the intent to influence the lender is not dependent on the accomplishment of that purpose. It is a crime of a subjective intent requiring neither reliance by the bank officers nor an actual defrauding.
 

 In the related area of false oaths in bankruptcy petitions in violation of 18 U.S.C. section 152, where materiality is an element of the government’s case, we have said:
 

 The term “material matter” refers not only to the main fact which is the subject of inquiry, but also to any fact or circumstance which tends to corroborate or strengthen the proof adduced to establish the main fact.
 

 Metheany
 
 v.
 
 United States,
 
 365 F.2d 90, 93 (9th Cir. 1966). Applying this standard, the false social security number and false birth date are clearly material, for a potential creditor evaluating the appellant’s credit application would be likely to make some investigation into her prior credit record. Inaccurate information as to such fundamental matters of identification could well have been intended to throw the investigation off the track, and thus is quite material to the credit application. The jury was therefore properly instructed.
 

 The appellant makes similar arguments regarding the charge of making false oaths in a bankruptcy petition, in violation of 18 U.S.C. section 152. As with the loan application charge, the district court read the allegations of the indictment to the jury as part of the closing instructions. Appellant was accused of making four false statements: she had given an incorrect social security number; she had failed to give
 
 *887
 
 other names by which she had been known; she had given false — indeed, non-existent— prior addresses; and she had understated her assets. Appellant concedes the materiality of the understatement of assets, but contends that the balance of the false statements were immaterial, and hence not vio-lative of section 152.
 

 Materiality is an element of the government’s case under section 152.
 
 United States v. O’Donnell,
 
 539 F.2d 1233, 1237 (9th Cir. 1976);
 
 Metheany v. United States,
 
 365 F.2d 90, 93 (9th Cir. 1966). But, as the very cases imposing the requirement made clear, materiality is readily established. In addition to the broad definition given to the term in
 
 Metheany,
 
 quoted
 
 supra, O’Donnell
 
 adds the following:
 

 Materiality does not require a showing that creditors are harmed by the false statements. Matters are material if pertinent to the extent and nature of bankrupt’s assets, including the history of a bankrupt’s financial transactions. Materiality is also established when it is shown that the inquiry bears a relationship to the bankrupt’s business transactions or his estate, or concerns the “discovery of assets, including the history of a bankrupt’s financial transactions.” Statements designed to secure adjudication by a particular bankruptcy court are also material. Under these standards O’Donnell’s false statements cannot be considered immaterial. They concerned his ability to acquire assets and may have tended to assure the bankruptcy forum he desired. They were material to his creditors, to him, and to the bankruptcy court. This surely is enough.
 

 539 F.2d at 1237-38 (citations omitted). The defendant in
 
 O’Donnell
 
 had falsely overstated his assets.
 

 The three false statements in the bankruptcy petition other than the understatement of assets are all material. As with the loan application charge, the false social security number might have impeded an investigation into the appellant’s financial history, and might have misled creditors as to the identity of the petitioner. The fabrication of prior addresses also would have clouded appellant’s financial background, and might have had some bearing on the forum of adjudication. Likewise, the failure to give past names by which appellant had been known might have obstructed attempts to acquire a complete financial history. In addition, since bankruptcy is permitted only once in seven years, prior names and accurate social security information would be material to the determination of appellant’s eligibility to petition for bankruptcy. In sum, all of the misstatements charged in the indictment were material, and were thus properly read to the jury.
 

 Appellant’s final contention is that the government failed to prove that the credit union was federally insured at the time the false loan application was filed. This contention is without merit. The manager of the credit union testified that the credit union was federally insured at the time of the loan application, and the credit union’s bookkeeper also testified that the credit union was federally insured. Appellant apparently is putting forward an objection based upon hearsay and the best evidence rule, in that the certificate of insurance that hung in the manager’s office was not introduced at trial. This argument is without merit. The rule, as stated in this circuit and elsewhere, is that the uncontradicted testimony of a ranking official of the institution is sufficient to establish that the institution is federally insured.
 
 United States v. Greene,
 
 578 F.2d 648, 657 (5th Cir. 1978);
 
 United States v. McIntosh,
 
 463 F.2d 250 (3d Cir. 1972);
 
 United States v. Phillips,
 
 427 F.2d 1035, 1036 (9th Cir. 1970). Appellant attempts to distinguish these cases by arguing that while the manager’s testimony was uncontradicted in the cited cases, the testimony was challenged here. The record reveals no evidence, either documentary or testimonial, to support this assertion, and, as juries are invariably told, the statements of counsel are not evidence. See 1 E. Devitt & C. Blackmar,
 
 Federal Jury Practice and Instructions
 
 § 11.11 (3d ed. 1977).
 

 For the reasons appearing above, the convictions are affirmed.
 

 [1]
 

 . The government argues that
 
 Stromberg
 
 is inapplicable, and that.the court should instead apply the rule of
 
 Turner v. United States,
 
 396 U.S. 398, 90 S.Ct. 642, 24 L.Ed.2d 610 (1970), where it is stated:
 

 The general rule is that when a jury returns a guilty verdict on an indictment charging several acts in the conjunctive . . the verdict stands if the evidence is sufficient with respect to any one of the acts charged.
 

 396 U.S. at 420, 90 S.Ct. at 654. The government’s position is that, under the
 
 Turner
 
 rule, it is not necessary that each of the misstatements alleged in the indictment be violative of section 1014 if it is clear that at least one of the misstatements does violate the statute. The government misreads both
 
 Stromberg
 
 and
 
 Turner.
 
 In
 
 Stromberg,
 
 the Supreme Court held unconstitutional one prong of a statute prescribing three alternative ways of committing the crime. Because the Court was unable to determine whether the jury convicted on the basis of the unconstitutional alternative or one of those not found to be infirm, the Court reversed. In
 
 Turner,
 
 by contrast, each of the acts alleged, if proved, would have constituted a violation of the statute, and the question was whether the evidence was sufficient to support a conviction on any or all of those alleged acts. This distinction was carefully drawn by this court’s opinion in
 
 United States v. Outpost Development Co.,
 
 552 F.2d 868 (9th Cir.),
 
 cert. denied,
 
 434 U.S. 965, 98 S.Ct. 503, 54 L.Ed.2d 450 (1977), where it was held:
 

 In [the
 
 Stromberg
 
 line of cases,] the convictions were reversed because they could have been based on an erroneous legal ground. Such convictions are defective. These cases, however, are distinguishable from the instant case, in which appellants claim that the jury could have based its finding ... on
 
 facts
 
 for which the evidence was insufficient.
 

 552 F.2d at 869 (emphasis in original). In the present case, unlike
 
 Turner
 
 or
 
 Outpost Development,
 
 the appellant claims that some of the acts charged would not amount to a crime even if proved. Thus, the convictions “could have been based on an erroneous legal ground,” and do not mérely suffer from an alleged factual inadequacy.
 

 [2]
 

 . The question was left open in
 
 United States v. Thumhuber,
 
 572 F.2d 1307, 1308-09 (9th Cir. 1977).