Sandra Teters, Peter Robinson, San Francisco, Cal., for plaintiff-appellee.

Jerrold M. Ladar, San Francisco, Cal., for defendant-appellant.

**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**James Rual MILLER,**
**Defendant-Appellant.**

**No. 82–1670.**

United States Court of Appeals,
Ninth Circuit.

March 21, 1984.

### ORDER

Before PECK,* FLETCHER and PREGERSON, Circuit Judges.

The panel in the above case has voted to deny the petition for rehearing; Judges Fletcher and Pregerson have voted to reject the suggestion for rehearing en banc and Judge Peck so recommended.

The suggestion for en banc review has been considered by the active circuit judges, the majority of whom have voted not to hear the cause en banc. The en banc suggestion is hereby rejected.

The opinion dated September 13, 1983 is modified to substitute the following for the penultimate paragraph on page 1363, 715 F.2d 1360 (9th Cir.1983):

A contrary result is not required by our cases holding that the government need not prove every fraudulent act or state-

---

* Honorable John W. Peck, Senior United States Circuit Judge for the Sixth Circuit, sitting by

designation.

ment alleged in the indictment as demonstrating the fraudulent nature of the scheme charged. *See United States v. Halbert,* 640 F.2d 1000, 1008 (9th Cir. 1981); *United States v. Beecroft,* 608 F.2d 753, 757 (9th Cir.1979); *United States v. Outpost Development Co.,* 552 F.2d 868, 869–70 (9th Cir.1977), *cert. denied,* 434 U.S. 965, 98 S.Ct. 503, 54 L.Ed.2d 450 (1977). The existence of a scheme to defraud is an element of the crime of mail fraud. *Beecroft,* 608 F.2d at 757. The government must prove false statements or fraudulent acts in order to show the defendant's specific intent to defraud. *Id.* These cases simply hold that the government's proof of fraudulent intent may be sufficient even if it does not prove every fraudulent act alleged in the indictment. Nothing in them conflicts with the principle that the jury must find the existence of substantially the same fraudulent scheme as that charged by the grand jury. Because, as noted above, there can be no dispute that Miller's conviction was predicated on a substantially different scheme from that pleaded in the indictment, the conviction cannot stand.