**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Robert Harvey WASHBURN, Defendant-Appellant.**

No. 84–3057.

United States Court of Appeals, Ninth Circuit.

Submitted March 8, 1985.[*]

Decided April 24, 1985.

Leslie Baker, Asst. U.S. Atty., Portland, Or., for plaintiff-appellee.

Robert A. Goffredi, Portland, Or., for defendant-appellant.

Before SCHROEDER, ALARCON, and BOOCHEVER, Circuit Judges.

PER CURIAM:

Robert Harvey Washburn appeals Count I of his conviction for three counts of bank robbery, in violation of 18 U.S.C. § 2113(a). He contends that insufficient evidence supports the finding that The Oregon Bank, Tigard Branch, was insured by the Federal Deposit Insurance Corporation (FDIC) when he robbed it in 1983.

The government introduced a copy of The Oregon Bank's original 1976 FDIC certificate of insurance. Although the manager of the Tigard Branch admitted that she did not personally update FDIC insurance, she testified that the branch currently displays copies of the FDIC certificate, that it displayed such copies on the date of the robbery, that the branch could not display the certificate if it were not current and that in the regular course of business, personnel from the bank's main office checked to see that the insurance was current.

---

* The panel finds this case appropriate for submission without argument pursuant to 28 U.S.C.A. 9th Cir.R. 3(f) and Fed.R.App.P. 34(a).

No Ninth Circuit case is directly on point.[1] The Fifth Circuit, however, has held that an FDIC certificate showing the bank was insured five years before the robbery, coupled with the testimony of bank officials that they had seen a fifteen year old original certificate in the bank's vault, that the certificate was maintained in the regular course of business, and that the copies of the certificate were posted in the bank at the time of the robbery, was sufficient to permit a jury rationally to infer that the bank was insured at the time of the robbery. *United States v. Maner,* 611 F.2d 107, 110–11 (5th Cir.1980). In *United States v. Platenburg,* 657 F.2d 797 (5th Cir.1981), the court approved *Maner* as setting the minimum level of acceptable proof and held that a seven year old certificate of insurance alone was insufficient to support a finding of federally insured status. The proof in this case is stronger than in either of those cases, and they are not inconsistent with Ninth Circuit decisions. We accept the Fifth Circuit's reasoning. *Accord United States v. Shively,* 715 F.2d 260, 265 (7th Cir.1983), *cert. denied,* —— U.S. ——, 104 S.Ct. 1001, 79 L.Ed.2d 233 (1984); *United States v. Ford,* 642 F.2d 77, 78 (4th Cir.), *cert. denied,* 451 U.S. 17, 101 S.Ct. 1996, 68 L.Ed.2d 310 (1981); *see also United States v. Stuart-Caballero,* 686 F.2d 890, 893 (11th Cir.1982) (applying *Platenburg* and *Maner* to federal registration of vessel); *cf. United States v. Rowan,* 518 F.2d 685, 693 (6th Cir.) (sufficient evidence of federal insurance was found by jury in special verdict), *cert. denied,* 423 U.S. 949, 96 S.Ct. 368, 46 L.Ed.2d 284 (1975).

Accordingly, viewing the evidence in the light most favorable to the verdict, the jury rationally could have found that The Oregon Bank, Tigard Branch, was federally insured at the time Washburn robbed it.

1. In *United States v. Campbell,* 616 F.2d 1151, 1153 (9th Cir.), *cert. denied,* 447 U.S. 910, 100 S.Ct. 2998, 64 L.Ed.2d 861 (1980), and in *United States v. Phillips,* 606 F.2d 884, 887 (9th Cir. 1979), *cert. denied,* 444 U.S. 1024, 100 S.Ct. 685, 62 L.Ed.2d 657 (1980), this court held that the uncontradicted testimony of ranking bank employees was sufficient to establish a bank's federally insured status. Neither *Campbell* nor *Phillips* states whether bank employees who tes-

*See Jackson v. Virginia,* 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560 (1979); *United States v. Fleishman,* 684 F.2d 1329, 1340 (9th Cir.), *cert. denied,* 459 U.S. 1044, 103 S.Ct. 464, 74 L.Ed.2d 614 (1982).

Affirmed.

tified had personal knowledge of the bank's FDIC status at the time of trial or at the time of the robberies, or whether an FDIC certificate was in evidence.