817 F.2d 105
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jimmy QUINN, Jr., Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 86-6076.
 United States Court of Appeals, Sixth Circuit.
 May 5, 1987.
 
 Before MERRITT, WELLFORD and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 The petitioner moves for counsel on appeal from the district court's orders denying his 28 U.S.C. Sec. 2255 motion to vacate his 1972 sentence and a motion addressing the same issues filed as a defense to a 1986 indictment for escape from federal custody. Pursuant to Rule 9(a), Rules of the Sixth Circuit, this appeal has been referred to a panel of the Court for consideration.
 
 
 2
 In 1970, petitioner pled guilty to bank robbery and placing lives in danger and was sentenced to twenty years. He withdrew his guilty plea in 1972 and entered into a stipulation regarding suppression of certain evidence, agreeing that the bank robbed was a member of the Federal Reserve System, and stating the elements of the crimes included in the indictment. The stipulation was read in open court, he answered questions raised by the judge, and he conferred with the judge and his attorney. The stipulation was amended upon request of petitioner and was signed by all the parties. He was found guilty and was sentenced to concurrent twenty year sentences for each of the two counts and was given credit for the time previously served for the offenses. The judgment was affirmed on appeal.
 
 
 3
 An indictment was entered against petitioner in 1986 after his escape from federal custody. He filed two motions in the district court asking that the 1972 sentence be vacated alleging that: 1) the indictment was defective in that the words "Federal Reserve System" were omitted; 2) he did not understand the 1972 stipulation and was coerced into signing it; and 3) counsel was ineffective in failing to argue that the indictment was defective and by failing to advise him of the rights given up by the stipulation. One motion was filed as a 28 U.S.C. Sec. 2255 motion (district court action 86-0670-L-J) and the other was filed as a defense to the 1986 indictment (district court action CR 86-00067-01-L). Both motions were denied and petitioner appealed.
 
 
 4
 The issues presented are without merit. An essential element of the crime was that the bank robbed was insured by the Federal Deposit Insurance Corporation, not that it was part of the Federal Reserve System. United States v. Washburn, 758 F.2d 1339 (9th Cir.1985); United States v. Safley, 408 F.2d 603 (4th Cir.), cert. denied, 395 U.S. 983 (1969). Petitioner took an active part in the proceedings and a review of the transcript indicates that he voluntarily entered into the stipulation. Because the first two issues appear to be without merit, the third issue alleging that counsel rendered ineffective assistance in dealing with those issues is also without merit. Petitioner has failed to show that counsel's performance was constitutionally defective and that the result of the proceeding would have been different absent the alleged errors. Strickland v. Washington, 466 U.S. 668 (1984).
 
 
 5
 The motion for counsel is denied. Upon examination of the record, the informal brief and the motion to supplement the informal brief, we affirm the orders of the district court under Rule 9(b), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.