958 F.2d 379
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mark Clifton HAMBY, Defendant-Appellant.
 No. 91-10110.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 19, 1992.*
Decided March 20, 1992.
 
 Before KILKENNY, GOODWIN and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Mark Hamby appeals the district court's denial of his motion for acquittal and his conviction, following a jury trial, for attempted bank extortion in violation of 18 U.S.C. § 2113(a). We affirm.
 
 FACTS
 
 3
 Hamby's indictment alleged that on March 16, 1989, Hamby attempted to extort money from the Great Western Bank in Fresno, California, in violation of 18 U.S.C. § 2113(a), and that on that date the bank's deposits were insured by the Federal Deposit Insurance Corporation (FDIC). Hamby's jury trial took place in November, 1990. At the close of the government's case, Hamby moved for a directed verdict and acquittal pursuant to Fed.R.Crim.P. 29(a) on the ground that the government had failed to prove that the bank's deposits were federally insured. The district court denied the motion. After the close of testimony, Hamby renewed his motion for acquittal and the court denied it. The jury returned a verdict of guilty. Hamby renewed his motion pursuant to Fed.R.Crim.P. 29(c). The court again denied it and sentenced him to 41 months of confinement and three years of supervised release. Hamby timely appeals.
 
 DISCUSSION
 
 4
 Hamby contends that the district court erred in denying his motion for acquittal because there was insufficient evidence to establish that the Great Western Bank's deposits were insured by the FDIC at the time of the attempted extortion.
 
 
 5
 We examine the sufficiency of the evidence to support a conviction and the denial of a motion for acquittal by examining the evidence in the light most favorable to the government and determining whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); United States v. Brannan, 898 F.2d 107, 109 (9th Cir.), cert. denied, 111 S.Ct. 100 (1990). "The government is entitled to all reasonable inferences that might be drawn from the evidence." United States v. Johnson, 804 F.2d 1078, 1083 (9th cir.1986).
 
 
 6
 To support a conviction for a violation of 18 U.S.C. § 2113(a), the government must prove beyond a reasonable doubt that the bank deposits were insured by the FDIC on the date of the offense. See United States v. Washburn, 758 F.2d 1339, 1339-40 (9th Cir.1985); United States v. Campbell, 616 F.2d 1151, 1153 (9th Cir.), cert. denied, 447 U.S. 910 (1980).
 
 
 7
 The uncontradicted testimony of a ranking official of a financial institution is sufficient to establish that the institution is federally insured for the purpose of proving a violation of 18 U.S.C. § 2113. United States v. Phillips, 606 F.2d 884, 887 (9th Cir.1979), cert. denied, 444 U.S. 1024 (1980). A jury may infer from evidence that a bank was insured at the time of trial or before the commission of the offense that it was also insured at the time of the offense. Washburn, 758 F.2d at 1339-40. In Washburn, we found that a copy of a bank's original certificate of insurance, issued seven years before a robbery, together with testimony from a bank manager concerning the bank's FDIC-insured status, was sufficient to prove the insurance element of the robbery. Id. See also United States v. Sliker, 751 F.2d 477, 484-85 (2d Cir.1984), cert. denied, 470 U.S. 1058 (1985) (holding that where "the evidence is oral testimony that the bank is insured, and the interval between the crime and the trial is not great, it is reasonable to conclude that 'viewed in context, the jury could draw the inference that the bank was insured at the time of the robbery'--in other words, that this jury could take 'is' to mean 'is and has been' " (internal citation omitted)).
 
 
 8
 In the present case, to establish that the deposits of Great Western Bank were insured by the FDIC, the government called Johanna Crain. Crain testified that she had been the branch vice-president for three and a half years and that the bank was currently insured through FDIC. Because the government did not ask specifically whether the bank was insured on the date of the alleged offense, Crain's testimony is susceptible of more than one interpretation. In context, the jury could have interpreted Crain's testimony to mean that the bank was insured by the FDIC throughout the three and a half years that Crain was branch vice-president. Hamby's attempted extortion occurred within this period. Alternatively, the jury could have interpreted Crain's testimony as stating that the bank was insured at the time of the trial. The trial took place 20 months after the offense. Under either interpretation, the jury could reasonably have inferred that Great Western Bank's deposits were insured by the FDIC on the date of the attempted extortion. See Washburn, 758 F.2d at 1340. The defense offered no evidence to the contrary, and the court properly instructed the jury that the government must prove the insurance element beyond a reasonable doubt. Hence, the court did not err in denying Hamby's motion for acquittal. See Brannan, 898 F.2d at 109; Johnson, 804 F.2d at 1083.
 
 CONCLUSION
 
 9
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 The members of the panel unanimously agree that this case is appropriate for submission on the briefs and record per Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3