967 F.2d 591
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ronald ALEX, Defendant-Appellant.
 No. 91-50142.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 4, 1992.*
Decided June 8, 1992.
 
 Before PREGERSON, BRUNETTI and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ronald Alex appeals his conviction for bank robbery. He contends 1) that government presented insufficient evidence of the bank's federal insurance to support his conviction under 18 U.S.C. § 2113(d), and 2) that the district judge abused his discretion in admitting evidence that Alex possessed a gun two weeks after the robbery. We affirm.
 
 
 3
 * A man robbed a branch of the First Interstate Bank in Los Angeles on January 3, 1990. The robber approached a teller, told her he had a gun, and made off with approximately $546. Kevin Hartdige, a bank employee, followed the robber as he ran out of the bank and confronted him. The robber escaped.
 
 
 4
 Alex was indicted for the robbery on July 31, 1990. At his jury trial, bank employees identified Alex from surveillance photographs made during the robbery. An FBI agent and a police officer also testified that Alex admitted to them that he had committed the robbery. A police officer testified that Alex was carrying a handgun two weeks after the robbery.
 
 
 5
 The jury found Alex guilty. The district judge sentenced him to 300 months in prison to be served concurrently with a state sentence.
 
 II
 
 6
 Alex first argues that insufficient evidence supported his conviction because the government presented evidence inadequate for the jury to find that the bank was federally insured at the time of the robbery. Viewing the evidence in the light most favorable to the verdict, we review the evidence to determine if a rational jury could have found that bank was federally insured. See United States v. Washburn, 758 F.2d 1339, 1340 (9th Cir.1985).
 
 
 7
 The government sought to establish federal insurance by introducing into evidence a copy of the insurance certificate that hangs on the bank wall and through testimony of the branch's customer service manager.
 
 
 8
 Judy Mahan, the manager, testified that she believed the bank was federally insured. She said that FDIC stickers also were affixed at each teller station. The copy of the certificate stated that the Federal Deposit Insurance Corporation certified that the deposits were federally insured. The certificate was dated 1981.
 
 
 9
 Alex argues that because Mahan testified on cross examination that she did not know how often the FDIC certificate had to be renewed or whether the copy of the certificate offered into evidence was valid on the date of the robbery, no rational jury could find beyond a reasonable doubt that the bank was federally insured.
 
 
 10
 The government, however, "is entitled to all reasonable inferences that might be drawn from the evidence." United States v. Johnson, 804 F.2d 1078, 1083 (9th Cir.1986). The jury could rationally have found that the manager was uncertain as to whether the particular certificate was valid, not as to whether the bank's actual insurance was valid. The jury could have reasonably inferred that the bank was insured on the date of the robbery.
 
 
 11
 This finding is consistent with Washburn, where we found that a five-year-old certificate coupled with the testimony of a bank official was sufficient to establish insurance at the time of the robbery. Washburn, 758 F.2d at 1340.
 
 III
 
 12
 Alex argues that the district judge abused his discretion by admitting evidence that Alex possessed a handgun two weeks after the bank robbery. We will reverse for an abuse of discretion in an evidentiary ruling of nonconstitutional magnitude only if the error more likely than not affected the verdict. See United States v. Emmert, 829 F.2d 805, 808 (9th Cir.1987).
 
 
 13
 Alex claims the evidence should have been excluded under Fed.R.Evid. 404(b), which provides that:
 
 
 14
 Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.
 
 
 15
 The district judge found that the gun Alex was carrying two weeks after the robbery was sufficiently distinctive and similar to the gun used in the bank robbery to provide evidence that Alex was the robber. We cannot say that this factual finding was clearly erroneous.
 
 
 16
 Given the similarity of the gun possessed by Alex to the gun used in the robbery, it was not an abuse of discretion for the district judge to admit it for the purpose of showing the identity of the robber. See United States v. Steel, 759 F.2d 706, 712 (9th Cir.1985) (evidence that defendant threatened a man with a knife was properly admitted to show that defendant was in possession of a knife; a knife was used in the murder for which the defendant was on trial); see also United States v. Covelli, 738 F.2d 847, 855 (7th Cir.) (evidence of prior possession of handgun admissible for identification purposes even where it was not conclusively established that it was the weapon used in the crime charged), cert. denied, 469 U.S. 867 (1984).
 
 
 17
 Alex contends that the evidence of the handgun should nonetheless have been excluded as being unfairly prejudicial under Fed.R.Evid. 403. "We review a district court's decision under Rule 403 with considerable deference." United States v. Layton, 855 F.2d 1388, 1402 (9th Cir.1988), cert. denied, 489 U.S. 1046 (1989). As discussed above, the evidence of the gun was probative of the robber's identity. Alex has not shown how this unfairly prejudiced him. We find no abuse of discretion.
 
 
 18
 Finally, we note that even if the district court had admitted the evidence in error, we would not reverse because it is not more likely than not that the exclusion of the evidence would affect the verdict. See Emmert, 829 F.2d at 808. The evidence against Alex was overwhelming. It included photographs taken during the robbery, his confession, and eyewitness identifications. Alex is incorrect that the jury's conclusion regarding his use of a weapon depended on the challenged evidence. Witnesses testified that they saw the gun during the robbery.
 
 
 19
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3