993 F.2d 885
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Eric Arques EVANS, Defendant-Appellant.
 No. 92-50014.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 5, 1993.*
Decided May 19, 1993.
 
 Before: KOZINSKI, SUHRHEINRICH,** and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Eric Arques Evans appeals the district court's denial of his motion for acquittal and his conviction for bank robbery. Evans' counsel objected to the admission of the FDIC insurance certificate, but did not object to the competency of Bank Manager McKnight's testimony regarding the FDIC-insured status of the bank at the time of the bank robbery. The argument that McKnight lacked personal knowledge of the bank's insured status has therefore been waived pursuant to Fed.R.Evid. 103(a)(1). See Torres v. Johnson Lines, 932 F.2d 748, 752 (9th Cir.1991); United States v. Foster, 711 F.2d 871, 877 (9th Cir.1983), cert. denied, 465 U.S. 1103 (1984); United States v. Trice, 823 F.2d 80, 87 n. 6 (5th Cir.1987); compare United States v. Maner, 611 F.2d 107, 110 (5th Cir.1980) (no objection to admission of FDIC insurance certificate, but district court properly sustained objection to bank manager's attempt to testify as to any conclusion that bank was insured).
 
 
 3
 Viewing the evidence in the light most favorable to the prosecution, as we must, see United States v. James, 987 F.2d 648, 650 (9th Cir.1993), the jury could rationally have found that Citibank was federally insured at the time of the bank robbery. When asked if the bank was federally insured on the date of the robbery, McKnight responded, "Yes, it is," which the jury could certainly rationally infer meant "Yes, it was." She testified that she recognized the photocopy of the FDIC insurance certificate and that she was aware that the bank was insured "[t]hrough the course of [her] business and career; the time involved in banking [eleven years]."
 
 
 4
 McKnight's testimony that the bank was FDIC insured at the time of the robbery was tested on cross-examination, but was uncontradicted and therefore sufficient to prove the insurance element of the robbery. See United States v. Corbin, 972 F.2d 271, 272 (9th Cir.1992) ("bank employees' uncontradicted testimony of a bank's insured status can sufficiently support the jury's conclusion that this element proven beyond a reasonable doubt"); United States v. Phillips, 606 F.2d 884, 887 (9th Cir.1979) (credit union manager's uncontradicted testimony sufficient), cert. denied, 444 U.S. 1024 (1980).
 
 
 5
 Furthermore, the FDIC insurance certificate, dated some two years prior to the bank robbery, was entered into evidence. Coupled with McKnight's testimony, this evidence additionally supports the rational inference that the bank was insured at the time of the robbery. See United States v. Washburn, 758 F.2d 1339, 1339-40 (9th Cir.1985) (five-year-old certificate coupled with testimony of bank official sufficient to establish insurance element); see also Maner, 611 F.2d at 110 (jury may infer from evidence that a bank was insured before the commission of the offense that it was also insured at the time of the offense).
 
 
 6
 There was adequate proof of the bank's insured status in this case. The district court did not err in denying Evans' motion for acquittal and the conviction is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable Richard F. Suhrheinrich, United States Circuit Judge for the Sixth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3