85 F.3d 638
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Maurice HYDE, Defendant-Appellant.
 No. 95-10156.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 12, 1996.
Decided Feb. 29, 1996.
 
 1
 Before: HUG and FERNANDEZ, Circuit Judges, and KELLEHER, District Judge.*
 
 
 2
 MEMORANDUM**
 
 
 3
 Maurice Hyde appeals his convictions for (1) conspiracy to deal in firearms without a license and to make false statements to federally licensed gun dealers in connection with the purchase of firearms in violation of 18 U.S.C. § 371 (Count 1); (2) dealing in firearms without a license in violation of 18 U.S.C. § 922(a)(1)(A) (Count 2); and (3) two counts of aiding and abetting in the making of a false statement in connection with the purchase of firearms from a federally licensed firearms dealer in violation of 18 U.S.C. § 924(a)(1)(A) (Counts 3 and 7). We affirm in part and reverse in part.
 
 DISCUSSION
 
 4
 1. Hyde asserts that his conviction on Count 2 must be overturned because there was no evidence that he or anyone else in the alleged conspiracy resold guns with the intent to profit. We agree. Under 18 U.S.C. § 922(a)(1)(A), it is illegal "to engage in the business of importing, manufacturing, or dealing in firearms." In order to be engaged in the business of dealing in firearms, the principal purpose of the seller must be livelihood and profit, which means "that the intent underlying the sale or disposition of firearms is predominantly one of obtaining livelihood and pecuniary gain." 18 U.S.C. §§ 921(a)(11), 921(a)(21)(C), 921(a)(22). The government failed to demonstrate that the firearms were sold or disposed of with a profit motive. It only submitted evidence of clandestine activity, opportunity, and financial incentive. Moreover, there was no evidence that the firearms were disposed of for criminal purposes. The circumstances surrounding the purchases of the guns are highly suspicious. They invite one to speculate that Hyde and his friends must have been purchasing for resale or for criminal purposes. But not even strong suspicions and informed speculations are quite enough. We are constrained to hold that no rational trier of fact could have found beyond a reasonable doubt that Hyde dealt in firearms. See Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). We therefore reverse his conviction on this count.
 
 
 5
 2. The government provided sufficient evidence that Hyde was a member of a conspiracy, and that members of the conspiracy made false statements in connection with the purchase of a firearm from a federally licensed dealer. Hyde does not make an argument to the contrary. Hyde does argue that because the indictment charged a conspiracy to make false statements and to sell firearms, Count 1 must fall with Count 2. That, however, is wrong because only one ground of the conjunctive indictment had to be proved. See Sochor v. Florida, 504 U.S. 527, 538, 112 S.Ct. 2114, 2122, 119 L.Ed.2d 326 (1992); Griffin v. United States, 502 U.S. 46, 58-59, 112 S.Ct. 466, 474, 116 L.Ed.2d 371 (1991); United States v. Huebner, 48 F.3d 376, 382 (9th Cir.1994) (per curiam), cert. denied, --- U.S. ----, 116 S.Ct. 71, 133 L.Ed.2d 31 (1995); United States v. Outpost Development Co., 552 F.2d 868, 869 (9th Cir.), cert. denied, 434 U.S. 965, 98 S.Ct. 503, 54 L.Ed.2d 450 (1977). Because there was ample evidence to support the false statement branch of the conspiracy, Hyde's conviction on Count 1 is affirmed.
 
 
 6
 3. Similarly, Hyde argues that because there was a Pinkerton[1] instruction, his false statement convictions must fall if his conspiracy conviction falls. Both his premise and his conclusion fail. First, his conspiracy conviction stands. Second, even if it did not, the substantive false statement convictions would stand because we are satisfied beyond a reasonable doubt that the jury would have convicted him on each of those counts anyway. It did not need to rely upon the Pinkerton theory. See United States v. Olano, 62 F.3d 1180, 1199 (9th Cir.1995); United States v. Castaneda, 16 F.3d 1504, 1511 (9th Cir.1994). Thus, Hyde's convictions on Counts 3 and 7 are affirmed.
 
 
 7
 4. Hyde also contends that the district court committed reversible error when it instructed the jury that proof of profit is unnecessary if there is proof of a criminal purpose. We disagree. The instruction, while not supported by sufficient evidence, was an accurate statement of the law. 18 U.S.C. § 921(a)(22). Although district courts should refrain from instructing juries on theories unsupported by the evidence, instructing a jury on unsupported legal theories does not provide an independent basis for reversing an otherwise valid conviction. Griffin, 502 U.S. at 60, 112 S.Ct. at 474 ("[t]he refusal to [refrain from instructing juries on theories unsupported by the evidence] ... does not provide an independent basis for reversing an otherwise valid conviction.").
 
 
 8
 REVERSED as to Count 2; AFFIRMED as to Counts 1, 3, and 7.
 
 
 
 *
 The Honorable Robert J. Kelleher, Senior District Judge for the Central District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Pinkerton v. United States, 328 U.S. 640, 646-47, 66 S.Ct. 1180, 1183-84, 90 L.Ed. 1489 (1946)