**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**David Paul MALANEY, Defendant–
Appellant.**

**No. 01–10246.**

**D.C. No. CR–00–01102–EHC.**

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 10, 2003.\*

Decided Feb. 13, 2003.

Before LEAVY, FERNANDEZ and
BERZON, Circuit Judges.

MEMORANDUM\*\*

David Paul Malaney appeals his jury-trial conviction for aiding and abetting bank robbery, in violation of 18 U.S.C. § 2113(a). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Malaney first contends that the government presented insufficient evidence to establish that the bank's deposits were insured by the Federal Deposit Insurance Corporation (FDIC) at the time of the robbery. Even if Malaney properly preserved this contention, it fails because viewing the evidence, and the reasonable inferences to be drawn from it, in the light most favorable to the government, a rational trier of fact could have found this essential element of the crime proved beyond a reasonable doubt. *See United States v. Stoddard,* 150 F.3d 1140, 1144 (9th Cir.1998); *United States v. Phillips,* 606 F.2d 884, 887 (9th Cir.1979) ("[U]ncontradicted testimony of a ranking official of the institution is sufficient to establish that the institution is federally insured.").

Malaney also contends that his conviction must be reversed because the district court did not, *sua sponte,* dismiss a potential juror who, during *voir dire,* made equivocal statements concerning his ability to be impartial. Malaney did not ask the district court to excuse this juror for cause or exercise a peremptory challenge against the juror, and the juror ultimately did not participate in jury deliberations because he was designated the alternate juror and was excused at the close of the trial. Because any suggestion that the juror was biased and somehow affected the other jurors is purely speculative, Malaney has failed to prove that any reversible error occurred. *See United States v. Alexander,* 48 F.3d 1477, 1483–84 (9th Cir.1995) (establishing that in order to prove a violation of his constitutional right to trial by an impartial jury, a defendant must demonstrate that the jury that finally tried him was biased or prejudiced).

**AFFIRMED.**

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.