UNITED STATES of America,
Plaintiff-Appellee,

v.

Harry Kenneth CAMPBELL,
Defendant-Appellant.

No. 79–1638.

United States Court of Appeals,
Ninth Circuit.

April 14, 1980.

Michael B. Read, Sacramento, Cal., for defendant-appellant.

Julian G. Macias, Jr., Asst. U. S. Atty., Sacramento, Cal., for plaintiff-appellee.

Before MERRILL and FARRIS, Circuit Judges, and BONSAL,* District Judge.

FARRIS, Circuit Judge:

Campbell appeals his conviction of armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d). Campbell contends that (1) his attorney's actions during the trial, particularly his informing the court in the presence of the jury that Campbell was testifying against counsel's advice denied him effective assistance of counsel and a fair trial, and (2) the government did not prove that the money taken from the bank was federally insured. We affirm.

## BACKGROUND

On May 25, 1979 two men robbed the Fort Sutter Branch, Bank of America, of $3,362 which included a large number of bills marked for future identification. Campbell was found with twenty-one of the marked bills taken from the bank, and he was identified by five witnesses as one of the participants in the robbery. Two employees of the bank testified that the bank was insured by the Federal Deposit Insurance Corporation.

During the trial, Campbell wished to testify against his counsel's advice. When he insisted on testifying, his counsel informed the court, in the presence of the jury, that his client was taking the stand against his advice. Defense counsel did not object to questions the prosecutor asked Campbell on cross-examination nor did he mention Campbell's testimony in his closing argument. The jury found Campbell guilty of armed robbery of a federally insured bank.

Campbell contends that his attorney's actions during the trial, particularly the statement that Campbell was testifying against the advice of counsel, were equivalent to telling the jury that Campbell committed perjury, thus denying Campbell effective assistance of counsel and a fair trial. Campbell also alleges that the testimony of the two bank employees that the bank was insured by the Federal Deposit Insurance Corporation was not adequate to prove that the money taken from the bank was federally insured.

## EFFECTIVE ASSISTANCE OF COUNSEL

The Sixth Amendment guarantees Campbell "reasonably competent and effective representation of counsel." *United States v. Moore*, 599 F.2d 310, 314 (9th Cir. 1979), quoting *Cooper v. Fitzharris*, 586 F.2d 1325, 1328 (9th Cir. 1978). Campbell is not, however, entitled to an attorney who will make no mistakes. *Cooper v. Fitzharris, supra*, at 1330. Here, defense counsel's allegedly prejudicial actions were made in an effort to comply with Section 7.7 of the ABA Defense Function Standards which require (1) that an attorney not aid in a client's perjury, and (2) that an attorney indicate in the record when a client insists on testifying against the advice of counsel without revealing the fact to the court. Although defense counsel made a good faith effort to comply with section 7.7, he should not have informed the court, in the presence of the jury, that Campbell was testifying against the advice of counsel.

The mistake is one which a "reasonably competent attorney" might make in an effort to comply with his ethical duties. Further, even if a mistake shows a lack of reasonable competence, the accused must show that he was prejudiced by the error before his conviction can be reversed. *United States v. Moore, supra*. The record contains overwhelming evidence that Campbell committed the crime charged. He has failed to show the required prejudice.

## FAIR TRIAL

Campbell was deprived of a fair trial only if the actions of his attorney precluded the fact-finder from independently judging the merits of his case. *Lowery v. Cardwell*, 575 F.2d 727, 731 (9th Cir.

* The Honorable Dudley B. Bonsal, Senior United States District Judge for the Southern District of New York.

1978). In *Lowery* we concluded that the defendant was denied a fair trial because the actions of his attorney were equivalent to telling the trier of fact that his client was lying. Here, the attorney's failure to object to questions asked Campbell on cross-examination, his refusal to mention Campbell's testimony in his closing argument, and his statement that Campbell was testifying against counsel's advice did not have that effect.

The record reflects that during cross-examination Campbell admitted that he (1) had been previously convicted of robbery, (2) was previously acquainted with his co-defendant, and (3) was in a motel room in which marked bills from the robbery were recovered. A jury, which is generally not alert to the ethical problems faced by an attorney, could have interpreted counsel's actions as a desire to keep Campbell off the stand so that Campbell's prior robbery convictions would not be used for impeachment purposes and to protect Campbell from potentially damaging cross-examination. In addition, when Campbell took the stand the following transpired:

DEFENDANT CAMPBELL: Harry Campbell.

I've been charged with a serious crime here. Part of my lawyer's advice is not to make a statement as to the fact that—

MR. MACIAS: Excuse me, Mr. Campbell. I'm going to object to the proposed testimony of the defendant. It's irrelevant. It's in a narrative form.

THE COURT: Well, it obviously has to be in a narrative form, but Mr. Campbell, what you and your lawyer have discussed here, the question as I've already indicated to you during the recess, is that if you have some statement that you want to make concerning the evidence in this case, the fact that this case—it's your privilege to do so, but don't discuss what conflict you and your attorney may have had or any other—anything other than the evidence that's pertinent to this case. Proceed.

Campbell reiterated his lawyer's objection to his testimony. That fact and the response of the trial judge reduced any potential prejudice. Nothing in the record suggests that the jury was precluded from independently judging the merits of the case.

## FEDERAL INSURANCE

To support the conviction of armed robbery in violation of 18 U.S.C. § 2113(a) the government had to prove that the money taken by Campbell was insured by the Federal Deposit Insurance Corporation. Campbell contends that the uncontested testimony of two bank employees that the bank was insured by the FDIC was not adequate to show that the money taken was so insured. We disagree.

Evidence that the bank was federally insured was sufficient for a jury to reasonably conclude that the bank's deposits were also federally insured. *See, e. g., United States v. Phillips,* 427 F.2d 1035 (9th Cir. 1970). Here the uncontradicted testimony of two bank employees was sufficient. *United States v. Safley,* 408 F.2d 603 (4th Cir. 1969). *See also United States v. Phillips,* 606 F.2d 884 (9th Cir. 1979).

Affirmed.