5 F.3d 541
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Mark Daniel GANLEY, Defendant-Appellant.
 No. 92-10646.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 30, 1993.*
Decided Sept. 14, 1993.
 
 Appeal from the United States District Court for the District of Arizona, No. CR-91-071-PHX-RCB; Robert C. Bloomfield, District Judge, Presiding.
 D.Ariz.
 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
 Before: REAVLEY,** PREGERSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Mark Ganley was convicted of six counts of armed bank robbery, in violation of 18 U.S.C. Secs. 2 and 2113(a) and (d); one count of bank robbery, in violation of 18 U.S.C. Secs. 2 and 2113(a); and one count of use of a firearm in a crime of violence, in violation of 18 U.S.C. Secs. 2 and 924(c). The district court sentenced Ganley to 151 months for the robbery convictions, and imposed a consecutive 60-month for his use of a firearm. Ganley timely appealed, challenging both his convictions and his sentence. Ganley contends that the district court erred in: (1) allowing evidence of his drug habit, (2) denying his Rule 29 motion on counts 2, 3, 4, 5, and 7, (3) imposing the sentence under Sec. 924(c) consecutive to the aggregate sentence for all seven bank robbery counts, and (4) failing to consider Ganley's ability to pay restitution. We affirm in part, reverse in part, and remand for further proceedings.
 
 ANALYSIS
 I. Evidence of Drug Use
 
 3
 Ganley challenges the admission of evidence of his drug use and addiction under Federal Rules of Evidence 403 and 404(b). We review evidentiary rulings for abuse of discretion. United States v. Feldman, 788 F.2d 544, 557 (9th Cir.1986), cert. denied, 479 U.S. 1067 (1987). We also review a district court's decision on balancing the probative value of evidence against its prejudicial harm for an abuse of discretion. Id.
 
 
 4
 Evidence of a defendant's drug habit is admissible to prove motive in bank robberies. See United States v. Miranda, 986 F.2d 1283, 1285 (9th Cir.) cert. denied, 113 S.Ct. 2393 (1993) (evidence of defendant's $20 to $30-a-day heroin habit properly admitted to show motive for bank robbery); United States v. Saniti, 604 F.2d 603, 604 (9th Cir.), cert. denied, 444 U.S. 969 (1979) (evidence of defendant's $250-a-day heroin and morphine habit properly admitted to show motive for bank robbery).
 
 
 5
 Because evidence of Ganley's drug habit has significant probative value, the district court did not abuse its broad discretion in finding that the probative value of the evidence outweighed the prejudicial harm. See United States v. Kinslow, 860 F.2d 963, 968 (9th Cir.1988), cert. denied, 493 U.S. 829 (1989).
 
 II. The Rule 29 Motion for Acquittal
 
 6
 Ganley contends that the district court erred in denying his motion for acquittal on counts 2, 3, 4, 5 and 7. Specifically, Ganley asserts that the government failed to provide any evidence that the financial institutions involved in these counts were insured by the Federal Deposit Insurance Corporation ("FDIC") or the Administrator of the National Credit Union Administration ("ANCUA").
 
 
 7
 This court will reverse a district court's denial of a motion for acquittal because of insufficient evidence if, "reviewing the evidence in the light most favorable to the prosecution, [no] rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Bishop, 959 F.2d 820, 829 (9th Cir.1992) (quoting Jackson v. Virginia, 443 U.S. 307 (1979)).
 
 
 8
 One element of federal bank robbery is that the financial institution must be insured by the FDIC or the ANCUA. 18 U.S.C. Sec. 2113(a), (f) and (h); see also United States v. Campbell, 616 F.2d 1151, 1153 (9th Cir.) cert. denied, 447 U.S. 910 (1980); United States v. Phillips, 427 F.2d 1035, 1037 (9th Cir.), cert. denied, 400 U.S. 867 (1970).
 
 
 9
 We have held that sufficient evidence of FDIC insurance exists when a bank manager verifies the validity of a seven year old FDIC certificate. United States v. Washburn, 758 F.2d 1339 (9th Cir.1985). Further, we have consistently held that in the absence of an FDIC certificate, uncontroverted testimony of ranking bank officials is sufficient proof of FDIC insurance. See e.g., United States v. Corbin, 972 F.2d 271, 272 (9th Cir.1992) (unchallenged testimony of financial services representative is sufficient); Campbell, 616 F.2d at 1153 ("uncontradicted testimony of two bank employees [is] sufficient"); Phillips, 427 F.2d at 1037 (unchallenged testimony of operations manager is sufficient).
 
 
 10
 However, in United States v. James, 987 F.2d 648 (9th Cir.1993), we reversed a bank robbery conviction because of insufficient evidence. In James, no evidence whatsoever was put before the jury on whether the banks had FDIC insurance. Id. at 650. "Without any evidence on the FDIC status of the bank, no rational jury could have found beyond a reasonable doubt that the banks were insured by the FDIC." Id. (emphasis added).
 
 
 11
 In this case, employees from two banks (those involved in counts 1 and 6) testified that their respective banks were FDIC insured. Employees of the five remaining banks (counts 2, 3, 4, 5 and 7) testified that their banks were "federally insured." The government contends that this testimony is sufficient evidence of FDIC insurance.[1] However, even viewed in the light most favorable to the prosecution, this testimony is insufficient to support these convictions because it does not establish FDIC or ANCUA insurance, but merely "federal" insurance. Nevertheless, because the banks involved in counts 2 and 3 are branches of the same bank as is involved in count 1 (i.e., BankAmerica), we find that the evidence of FDIC insurance offered on count 1 can support a finding that the banks involved in counts 2 and 3 are FDIC-insured as well.
 
 
 12
 No rational trier of fact could have found beyond a reasonable doubt that the banks referred to in counts 4, 5, and 7 had FDIC or ANCUA insurance. See United States v. Bishop, 959 F.2d 820, 829 (9th Cir.1992); United States v. James, 987 F.2d 648 (9th Cir.1993). As the government has failed to prove this essential element of 18 U.S.C. Sec. 2113(a) (bank robbery), we reverse Ganley's convictions on counts 4, 5, and 7.
 
 
 13
 III. The Consecutive Sentence Under 18 U.S.C. Sec. 924(c)
 
 
 14
 Ganley contends that the trial judge improperly calculated the sentence for his conviction of use of a firearm in a crime of violence, under 18 U.S.C. Sec. 924(c). The underlying felony that this conviction relates to is count 7. Because we reverse Ganley's conviction on count 7, his related conviction for use of a firearm cannot stand. See 18 U.S.C. Sec. 924(c). Therefore, we do not reach the issue of Ganley's sentence under Sec. 924(c).
 
 
 15
 IV. Consideration of Defendant's Ability to Pay Restitution
 
 
 16
 The district court sentenced Ganley to pay more than $17,000 in restitution under 18 U.S.C. Secs. 3663 and 3664. This court reviews sentences within these statutory limits for abuse of discretion. United States v. Mills, 991 F.2d 609, 611 (1993). Ganley contends that the district court judge violated 18 U.S.C. Sec. 3664 by imposing restitution without considering his financial resources, earning ability, or other factors affecting his ability to pay.
 
 
 17
 In ordering restitution, courts must consider "the financial resources of the defendant, the financial needs and earning ability of the defendant ... and such other factors as the court deems appropriate." 18 U.S.C. Sec. 3664(a). The district court is not required to make findings of fact or discuss their analysis on the record. Mills, 991 F.2d at 611. However, the record must show that the judge has access to information about the defendant's resources, and there must be "some indication that the judge gave thought to the relevant information." Id.
 
 
 18
 In this case, the trial judge stated that he had read the presentence report. The record, however, does not indicate that he made "specific reference" to the relevant factors or "gave thought" to the defendant's ability to pay. In fact, the record indicates the district court may have refused to consider Ganley's ability to pay restitution. In overruling Ganley's objection to being held fully liable for restitution, the judge stated that "all defendants who are responsible should be responsible for the entirety of the restitution." This appears to be a general rule rather than a consideration of Ganley's unique situation.
 
 
 19
 We do not decide this issue, however, because our reversal on counts 4, 5, and 7 requires us to vacate the order of restitution. See 18 U.S.C. Sec. 3664; Hughey v. United States, 495 U.S. 411, 412-13 (1990) (restitution imposed only for the "loss caused by the specific conduct that is the basis of the conviction"). On remand, the district court should make specific reference to the presentence report in making any determinations about the restitution order.
 
 
 20
 AFFIRMED in part, REVERSED in part, and REMANDED.
 
 
 
 *
 The panel finds this case appropriate for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Hon. Thomas M. Reavley, United States Circuit Judge, U.S. Court of Appeals for the Fifth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The government also contends that there is additional evidence of FDIC insurance regarding Pima Savings (Count 7). However, the government's citation to the record does not contain any such evidence