UNITED STATES of America,
Plaintiff—Appellee,

v.

Timothy Wayne ARNETT, Defendant—
Appellant.

United State of America,
Plaintiff–Appellee,

v.

Timothy Wayne Arnett, Defendant–
Appellant.

Nos. 00–10170, 00–30189.
D.C. Nos. CR–95–05287–REC (Eastern
District of California), CR–95–60120–
1–HO (District of Oregon).

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 10, 2003.*

Decided Dec. 24, 2003.

---

* This panel unanimously finds this case suit-
able for decision without oral argument.  See

Fed. R.App. P. 34(a)(2).

Thomas E. Flynn, Asst U.S. Atty, Office of the U.S. Attorney, Sacramento, CA, Frank R. Papagni, Jr., Office of the U.S. Attorney, Eugene, OR, for Plaintiff–Appellee.

David M. Porter, Federal Public Defender's Office, Sacramento, CA, Thomas W. Flynn, Office of the U.S. Attorney, San Diego, CA, for Defendant–Appellant.

Before TROTT, RYMER, and
TALLMAN, Circuit Judges.

### MEMORANDUM**

Timothy Wayne Arnett appeals *pro se* his conviction of armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d), and use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c), for seven armed bank robberies that occurred in California and another in Oregon.[1] Arnett argues that his convictions should be reversed as a result of a multitude of individual errors, or as a result of their cumulative effect. In a separate published opinion filed contemporaneously with this disposition, we address Arnett's argument that the district court erred in applying collateral estoppel to bar relitigation of Arnett's affirmative defense. We decide Arnett's remaining arguments here. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

■ Arnett contends that the district court lacked subject matter jurisdiction over the bank robberies. 18 U.S.C. § 2113. We review de novo. *United States v. Errol D., Jr.*, 292 F.3d 1159, 1161 (9th Cir.2002). Arnett argues that federal jurisdiction is not conferred by virtue of the fact that the bank is FDIC-insured; rather, he argues that federal jurisdiction depends on whether the money taken is insured. Because FDIC insurance does not cover stolen deposits, Arnett contends that the district court lacked jurisdiction. Arnett's argument is without merit.

Federal jurisdiction exists when a financial institution is FDIC-insured at the time of each robbery. *United States v. Harris*, 108 F.3d 1107, 1108 (9th Cir.1997). The

government adequately demonstrated that each financial institution was FDIC-insured at the time it was robbed. *United States v. Bellucci*, 995 F.2d 157, 160–61 (9th Cir.1993) (FDIC certificate is sufficient to prove financial institution is federally insured).

■ We also reject Arnett's claim that the district court erred by admitting FDIC certificates into evidence because they do not establish that the banks were FDIC-insured. We review admission of evidence for abuse of discretion. *United States v. Childs*, 5 F.3d 1328, 1335 (9th Cir.1993). "There is no question" that FDIC certificates of insurance are sufficient to establish, beyond a reasonable doubt, that the banks were federally insured at the time they were robbed. *Bellucci*, 995 F.2d at 160–61. We hold that the district court did not abuse its discretion in admitting the FDIC certificates into evidence. *See United States v. Campbell*, 616 F.2d 1151, 1153 (9th Cir.1980) (evidence that the bank was federally insured was sufficient for a jury to reasonably conclude that the bank's deposits were also federally insured).

Arnett's argument that the district court erred by making an impermissible comment on the evidence during trial is likewise without merit. Because Arnett did not object at trial, we review for plain error. *United States v. Wills*, 88 F.3d 704, 718 (9th Cir.1996). "A trial judge is more than an umpire, and may participate in the examination of witnesses to clarify evidence, confine counsel to evidentiary rulings, ensure the orderly presentation of evidence, and prevent undue repetition." *United States v. Laurins*, 857 F.2d 529, 537 (9th Cir.1988). The district court's comments were made in order to confine

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Arnett filed two appeals, one from his Oregon conviction and one from his California conviction. By order of this court, Arnett's appeals were consolidated.

Arnett to the court's evidentiary ruling and to ensure the orderly presentation of evidence. The judge's comments do not show partiality. *See id.* The court did not comment on the sufficiency of the evidence, nor did the court's comments seriously affect the fairness of Arnett's trial. *See Wills,* 88 F.3d at 718–19. We find no plain error.

The district court did not err in denying Arnett's request for a new trial or for acquittal based on the government's alleged prosecutorial misconduct and/or improper or outrageous misconduct by introducing the FDIC certificates at trial. We review de novo a motion to dismiss based on improper or outrageous prosecutorial conduct. *Id.* at 711. We review the district court's denial of a motion for a new trial based on prosecutorial misconduct for an abuse of discretion. *United States v. Murillo,* 288 F.3d 1126, 1140 (9th Cir. 2002). We conclude that the FDIC certificates were not false and the government's use of the FDIC certificates at trial was proper.

Because the overwhelming evidence of record shows that the banks were FDIC insured, the district court did not abuse its discretion in denying Arnett's motion for new trial, see *United States v. Pimentel,* 654 F.2d 538, 545 (9th Cir.1981), nor did the district court err in denying Arnett's motion to dismiss the indictment, see *United States v. Isgro,* 974 F.2d 1091, 1098–99 (9th Cir.1992).

■ We also reject Arnett's argument that the district court erred by failing to instruct the jury on Arnett's theory of defense—that the money he took was not FDIC-insured. Whether a trial court's instructions adequately covered a defendant's proffered defense is reviewed de novo. *United States v. Patterson,* 292 F.3d 615, 629–30 (9th Cir.2002). The district court's refusal to give Arnett's proposed jury instruction was not reversible error because Arnett's proposed instruction misstated the law. *United States v. Blajos,* 292 F.3d 1068, 1071–72 (9th Cir. 2002).

Arnett also challenges the district court's decision to limit the cross-examination of witness Price. Arnett contends that once Price testified that the bank in question was FDIC-insured, Arnett should have been permitted to impeach Price's testimony. A trial court's decision to limit the scope of cross-examination is reviewed for an abuse of discretion. *United States v. Castellanos–Garcia,* 270 F.3d 773, 775 (9th Cir.2001), *cert. denied,* 535 U.S. 1067, 122 S.Ct. 1939, 152 L.Ed.2d 843 (2002). A trial judge retains wide latitude to impose reasonable limits on cross-examination. *United States v. Torres,* 937 F.2d 1469, 1473 (9th Cir.1991). We cannot say that the trial court abused its discretion in not permitting Arnett wider latitude to establish that the FDIC certificates were counterfeits.

■ The district court did not err by refusing to allow witness Stebens to testify. While the district court has broad discretion to determine whether evidence is relevant, this discretion is limited by the defendant's due process rights to present a defense. *Id.* at 1474. Arnett offered Stebens's testimony in order to establish that the stolen money was not covered under the bank's FDIC policy. The district court ruled that Stebens's testimony was not relevant because the jurisdictional issue was an issue of law previously ruled on by the court. The district court also ruled that Stebens could testify if he had information that the FDIC affidavits were wrong or that the loot was not covered by the FDIC policies. We find no error in the district court's decision.

Next, Arnett contends that the court lacked jurisdiction because there was no evidence that the firearm he used during the robberies traveled in interstate commerce after 1920. We review this question de novo. *United States v. Garrett,* 253 F.3d 443, 446 (9th Cir.2001). Arnett's contention lacks merit because 18 U.S.C. § 924(c)(1) does not require a nexus between the firearm and interstate commerce. *See United States v. Staples,* 85 F.3d 461, 463 (9th Cir.1996) (as amended) (upholding facial constitutionality of § 924(c)(1) because it requires that the underlying offense be one that can be prosecuted in a court of the United States).

■ Next, Arnett contends that he was entitled to a competency hearing, that he should not have been permitted to proceed *pro se,* and that he was entitled to hybrid representation. The district court's refusal to grant Arnett's original request for hybrid representation was not an abuse of discretion. *United States v. Olano,* 62 F.3d 1180, 1193 (9th Cir.1995). After Arnett was denied hybrid representation, he made an unequivocal, voluntary, and intelligent request to represent himself. *See United States v. Hernandez,* 203 F.3d 614, 620–21 (9th Cir.2000). Arnett clearly requested to act as his own lawyer, arguing that he was comfortable acting as his own attorney because he had just done so in the Oregon case. The district court discussed the dangers and disadvantages of self-representation and Arnett still insisted on representing himself. There was no bona fide reason for the court to doubt Arnett's competency to stand trial. *Odle v. Woodford,* 238 F.3d 1084, 1087 (9th Cir. 2001). We find no error in the district court's decisions.

Arnett contends that the district court erred by constructively amending the indictment to include a charge under 18 U.S.C. § 2113(b), when the indictment charges a violation of 18 U.S.C. § 2113(a) and (d). According to the transcript, while instructing the jury the district court inadvertently referred to sections (a) and (b) instead of (a) and (d). Arnett did not object at trial so we review for plain error. *United States v. Warren,* 984 F.2d 325, 327 (9th Cir.1993). Because the trial court actually instructed on subsections (a) and (d), even if it did mistakenly refer to (b), there was no reasonable probability that its failure to instruct the jury on the proper subsection prejudiced the defendant. *See id.* at 328. There was no plain error.

■ Next, Arnett contends that the district court committed reversible error under the Jencks Act, 18 U.S.C. § 3500, by refusing to compel the government to produce interview notes taken by detectives Skinner and Newell. The district court's denial of discovery pursuant to the Jencks Act is reviewed for an abuse of discretion. *United States v. Alvarez,* 86 F.3d 901, 905 (9th Cir.1996). The district court did not abuse its discretion because the Jencks Act does not apply to rough notes of an agent's surveillance activities. *United States v. Bobadilla–Lopez,* 954 F.2d 519, 522 (9th Cir.1992).

We also reject Arnett's contention that the government engaged in improper vouching. We first decide whether vouching occurred and then determine whether the error warrants reversal. *United States v. Hermanek,* 289 F.3d 1076, 1097 (9th Cir.2002). We find no improper vouching in this case. The government did not improperly vouch for Valerie Best's declaration when it read the declaration into evidence. Nor is there anything in the government's closing statement that suggests that the government was attempting to place the prestige of the government behind the witnesses by providing personal assurances of their veracity.

Arnett's claim that the district court erred by not holding a pretrial conference is likewise without merit. The local rule provides for a trial confirmation hearing, which was held by the court on February 9, 1998.

■ The district court did not err by sentencing Arnett beyond the statutory maximum based on an aggravating element not proven beyond a reasonable doubt. According to Arnett, under *Castillo v. United States*, 530 U.S. 120, 121, 120 S.Ct. 2090, 147 L.Ed.2d 94 (2000), before his sentence could be enhanced, the jury must determine that the firearm he used was a short-barreled shotgun. But Arnett had already been convicted of a violation of § 924(c)(1)(A) for using the same short-barreled shotgun in the bank robbery in Oregon. Under the version of 18 U.S.C. § 924(c)(1)(A) that applied at the time of Arnett's crimes in California, Arnett's subsequent conviction carried a twenty-year sentence, regardless of whether the firearm used was a short-barreled shotgun. 18 U.S.C. § 924(c)(1)(A) (1995). Arnett's argument fails because *Castillo*—which provides that a determination of whether the firearm was a machine gun must be made by a jury because it resulted in a twenty-five year increase in the defendant's sentence–is inapplicable in this case where the type of gun used had no impact on the length of Arnett's sentence.

Arnett also argues that *United States v. Harris*, 243 F.3d 806 (4th Cir.2001), mandates that the issue of whether he "brandished" a firearm, as used in 18 U.S.C. § 924(c)(1)(A), must be alleged in the indictment and proven at trial beyond a reasonable doubt. Because this issue is raised for the first time on appeal, we decline to address it and we deem it waived. *United States v. Childs*, 944 F.2d 491, 495 (9th Cir.1991).

Finally, we reject Arnett's argument that reversal is warranted based on cumulative errors. *See United States v. Frederick*, 78 F.3d 1370, 1381 (9th Cir.1996). Because Arnett has failed to establish any single error, there are no errors that can accumulate to the level of a constitutional violation. *Wills*, 88 F.3d at 722.

Next, we turn to Arnett's consolidated appeal from his conviction in Oregon. Again, we find no reversible error and affirm.

■ In the appeal from his Oregon conviction, Arnett again challenges the district court's jurisdiction. Arnett argues that the district court lacked jurisdiction because one of the banks listed in the indictment and referred to at trial was not the name of the bank he robbed since the bank had changed names due to a merger. We review for abuse of discretion. *See United States v. Jackson*, 209 F.3d 1103, 1106 (9th Cir.2000) (motion for new trial); *United States v. Sarno*, 73 F.3d 1470, 1507 (9th Cir.1995) (newly discovered evidence).

The court did not abuse its discretion in denying Arnett's motion for a new trial and motion to reverse his conviction based on allegedly newly discovered evidence establishing lack of subject matter jurisdiction. Arnett's argument is meritless because the proffered evidence would not "probably produce an acquittal." *Jackson*, 209 F.3d at 1106. The discrepancy between the bank name at the time of robbery and the bank named in the indictment and referred to at trial was merely a corporate variance that did not effectively modify an essential element of the offense charged. *See Jones v. Smith*, 231 F.3d 1227, 1232–33 (9th Cir.2001) (as amended on denial of rehearing). Furthermore, the government adequately demonstrated that each financial institution was FDIC-insured at the time of each robbery. *See*

*Harris,* 108 F.3d at 1108; *Bellucci,* 995 F.2d at 160–61.

Arnett next contends that he is entitled to a new trial based on prosecutorial misconduct. Specifically, he claims that the government interfered with his attempts to obtain information regarding whether the bank he robbed was FDIC-insured. Because this issue is raised for the first time on appeal, we decline to address it. *Childs,* 944 F.2d at 495.

We decline to address Arnett's contention that he is entitled to equitable tolling to file a motion under 28 U.S.C. § 2255 because such a motion must first be presented to the district court. 28 U.S.C. § 2255; Fed. R.App. P. 22(b). It was not and we deem the argument waived.

We have carefully considered all other arguments advanced and have concluded that they also are without merit.

**AFFIRMED.**