**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Cy Irving BROWN, Defendant—Appellant.**

**No. 04–10126.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 17, 2006.

Decided March 23, 2006.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Thomas E. Flynn, Esq., James P. Arguelles, Esq., USSAC–Office of the U.S. Attorney, Sacramento, CA, for Plaintiff–Appellee.

Before: RYMER, W. FLETCHER, and CLIFTON, Circuit Judges.

MEMORANDUM *

Cy Irving Brown appeals his conviction and 234–month sentence for one count of armed bank robbery in violation of 18 U.S.C. §§ 2113(a) and (d) and one count of using a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1).

▮ Brown argues that the evidence was insufficient to support his conviction, but there is more than sufficient evidence in the record from which a rational juror could conclude beyond a reasonable doubt that Brown committed the robbery. *See Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *United States v. Cordova Barajas,* 360 F.3d 1037, 1041–42 (9th Cir.2004). The evidence showed that shortly before the robbery, Brown borrowed the truck that was used as a getaway vehicle, his DNA matched the DNA on cloths used by the robber, he owned a pair of boots like those discovered with the robbery items, he fit the gen-

---

eral physical description of the robber, and after the robbery he left town and began using false names. *See United States v. Yoshida,* 303 F.3d 1145, 1151 (9th Cir.2002) ("[C]ircumstantial evidence can form a sufficient basis for conviction."). Moreover, the jury could rationally have disbelieved Brown's testimony that a drug dealer named B.J. committed the robbery given the incredibility of the story in light of the other evidence and Brown's inability to describe B.J. *See Cordova Barajas,* 360 F.3d at 1041; *United States v. Scholl,* 166 F.3d 964, 979 (9th Cir.1999) (as amended); *United States v. Kenny,* 645 F.2d 1323, 1346 (9th Cir.1981) (as amended).

▮ Brown additionally argues that the federal bank robbery statute, 18 U.S.C. § 2113, exceeds Congress's Commerce Clause power under *United States v. Lopez,* 514 U.S. 549, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995). However, federal jurisdiction is appropriate where, as here, the *institution* is FDIC-insured; the government need not prove the stolen *funds* were FDIC-insured. *See United States v. Harris,* 108 F.3d 1107, 1109 (9th Cir.1997); *see also United States v. Blajos,* 292 F.3d 1068, 1072 (9th Cir.2002).

▮ The district court departed upward based on judicial factual findings on Brown's obstruction of justice and his under-represented criminal history. *See United States v. Kortgaard,* 425 F.3d 602, 611 (9th Cir.2005) (*Booker* resentencing appropriate for upward departure based on under-represented criminal history); *see also United States v. Booker,* 543 U.S. 220, 227, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Although our review is for plain error because the *Booker* error was unpre-

served, we cannot say how the district court would have proceeded knowing that the guidelines were advisory. Therefore, we remand pursuant to *United States v. Ameline,* 409 F.3d 1073, 1074 (9th Cir. 2005) (en banc). However, on remand Brown shall be given an opportunity to advise the court whether he wants his sentence to be reconsidered under *Ameline,* or whether he elects to stand on the sentence as imposed in the March 11, 2004 judgment.

AFFIRMED IN PART; REMANDED IN PART.