**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>CY IRVING BROWN,<br><br>Defendant - Appellant. | No. 14-10393<br><br>D.C. No. 2:03CR00104-MCE-AC-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Submitted June 17, 2016[**]
San Francisco, California

Before: CLIFTON and IKUTA, Circuit Judges, and HAYES,[***] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable William Q. Hayes, United States District Judge for the Southern District of California, sitting by designation.

Appellant Cy Irving Brown appeals from his sentence of 234 months imprisonment following his conviction by a jury on charges of armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d), and use of a firearm in violation of 18 U.S.C. § 924(c)(1). On direct appeal, this Court affirmed the conviction and ordered limited remand for sentencing pursuant to *United States v. Ameline*, 409 F.3d 1073, 1074 (9th Cir. 2005) (en banc). *United States v. Brown*, 172 F. App'x 206 (9th Cir. 2006). On remand, the district court determined that the sentence imposed would not have been materially different had the district court been aware that the Guidelines were advisory. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

Brown contends that the *Faretta* advisement by the district court prior to the *Ameline* remand hearing was inadequate. Brown asserts that he intended to waive his right to counsel for a prior motion under 28 U.S.C. § 2255 and not for the *Ameline* remand proceeding. The record shows that the district court fully informed Brown of the nature of the *Ameline* remand, and the dangers and disadvantages of self-representation at the proceedings. The record demonstrates that Brown unequivocally expressed his intention to represent himself at the *Ameline* remand hearing. We conclude that Brown's waiver of his right to counsel was voluntary, knowing, and intelligent. *See Faretta v. California*, 422 U.S. 806, 835 (1975).

Brown also contends that his sentence is substantively unreasonable because the district court found that Criminal History Category VI substantially under-represented the seriousness of his criminal history and applied a two level upward departure pursuant to United States Sentencing Guideline ("U.S.S.G.") § 4A1.3. We conclude that the district court properly considered "the nature of [Brown's] prior offenses rather than simply their number." U.S. Sentencing Guidelines Manual § 4A1.3 cmt. n.2(B) (2003). The district court imposed the two level upward departure under U.S.S.G. § 4A1.3 based upon Brown's extensive criminal history, the escalating serious and violent nature of his prior offenses, and the use of firearms in this case. The calculation of the advisory Guideline range was based upon a proper application of the Guideline provisions to the facts in the record. The district court made an "individualized determination, and in light of all the circumstances in the case, the sentence imposed was reasonable." *United States v. Carty*, 520 F.3d 984, 995 (9th Cir. 2008) (en banc).

The parties filed supplemental briefs, which we have considered, addressing whether Brown's conviction for a violation of 18 U.S.C. § 924(c) should be set aside and whether this issue may be raised for the first time in this appeal. Brown contends that his conviction for a violation of 18 U.S.C. § 2113(a) and (d) is no longer a crime of violence after *Johnson v. United States*, 135 S. Ct. 2551 (2015) and that this Court

3

has the discretion to decide issues waived or not reached in the district court. *See*

*Davis v. Elec. Arts Inc.*, 775 F.3d 1172, 1180 (9th Cir. 2015) (exercising the Court's

discretion to determine whether plaintiffs' state law claims are barred by the incidental

use defense not asserted in the district court). We conclude that Brown is required to

"move the court which imposed the sentence to vacate, set aside or correct the

sentence." 28 U.S.C. § 2255(a). Under 28 U.S.C. § 2255(e), an application for writ

of habeas corpus "shall not be entertained if it appears that the applicant has failed to

apply for relief, by motion to the court which sentenced him, . . . unless it also appears

that the remedy by motion is inadequate or ineffective to test the legality of his

detention." 28 U.S.C. § 2255(e). Brown has not applied for relief to the district court

or made any showing that the remedy provided by 28 U.S.C. § 2255 is not adequate

or effective.[1]

    **AFFIRMED**.

---

[1] We grant leave to Brown to file a second or successive motion under 28 U.S.C. § 2255(h).